**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFERY LAMAR CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1517 TCM |
| | ) | |
| DAN ISOM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Mike Mathews's motion to dismiss the

complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim

upon which relief can be granted. The motion will be granted. Additionally, the remainder of the

case will be dismissed under 28 U.S.C. § 1915(e) because the action is malicious.

**Legal Standard**

To survive a motion to dismiss, "a civil rights complaint must contain facts which state a

claim as a matter of law and must not be conclusory." Gregory v. Dillards, Inc., 565 F.3d 464, 473

(8th Cir. 2009) (en banc) (quotations and citation omitted).

> [A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader
> has the right he claims rather than facts that are merely consistent with such a right.
> While a plaintiff need not set forth detailed factual allegations or specific facts that
> describe the evidence to be presented, the complaint must include sufficient factual
> allegations to provide the grounds on which the claim rests. A district court,
> therefore, is not required to divine the litigant's intent and create claims that are not
> clearly raised, and it need not conjure up unpled allegations to save a complaint.

Id. (quotations and citation omitted).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma

pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. <u>Spencer v. Rhodes</u>, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), <u>aff'd</u> 826 F.2d 1059 (4th Cir. 1987).

**The Complaint**

Plaintiff brought this action under 42 U.S.C. § 1983.  Mathews is a police officer for the City of St. Louis.  In his complaint, plaintiff alleged that on November 8, 2007, he was walking down some stairs in an apartment building when he was approached by defendant Sharp.  Plaintiff stated that Sharp pointed a gun at him and told him to "come here."  Plaintiff claimed that Sharp then handcuffed him and searched him "without articulating any reasonable reason or cause."  Plaintiff stated that Sharp and Mathews then transported him to the police station, and he asserted that Mathews and Sharp did not read him his <u>Miranda</u> rights or allow him to contact an attorney. Plaintiff said that Mathews and Sharp questioned him and "threatened they wanted the Plaintiff to get them in one of the apartments or find someone with a gun."  Plaintiff alleged that they drove him to where his brother and niece were, and plaintiff claimed that they searched plaintiff's brother and niece as well as their car.  Plaintiff stated that defendants released him a few hours later without charging him.  Plaintiff asserted that Mathews and Sharp then filed a false warrant "[i]n an effort too [*sic*] cover up their illegal detention of the Plaintiff."

Plaintiff said that he was arrested on April 1, 2008, after a traffic stop, based on the allegedly false warrant Mathews and Sharp had secured for his arrest.  Further, plaintiff claimed that the arrest led to his conviction in this Court for possession with intent to distribute crack cocaine.

**Background**

On June 12, 2008, the United States indicted plaintiff on three counts of possession with intent to distribute crack cocaine. United States v. Crawford, 4:08-CR-358 SNLJ (E.D. Mo.). Count one alleged that plaintiff committed the offense on April 1, 2008; count two alleged that he committed the offense on November 8, 2007; and count three alleged that he committed the offense on June 20, 2007. Crawford entered into a plea agreement with the government, agreeing to plead guilty to count one with dismissal of counts two and three. Plaintiff pled guilty to count one on June 3, 2009, and on September 24, 2009, the Court sentenced plaintiff to 120 months' imprisonment.

In the plea agreement, plaintiff attested that on April 1, 2008,

> Members of the Cool Valley Police Department stopped [plaintiff] for a minor traffic violation. While they were conducting a driver's license status [plaintiff] exited his vehicle and ran. An officer began a foot pursuit and was notified by a fellow officer that he had [plaintiff] in custody and that he observed him attempt to hide three baggies with suspected crack cocaine in a rear yard. The baggies were seized and the content was analyzed by the city lab and found to be over 50 grams of a mixture or substance containing a detectable amount of cocaine base, crack, schedule II controlled substance.
>
> [Plaintiff] admit[ted] that he possessed this crack for the purpose of distributing some or all to another person.

Id.

**Discussion**

Defendant Mathews moves for dismissal of the complaint on the ground that it is Heck-barred. Pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.

To the extent that plaintiff seeks damages for the allegedly false warrant that he claims led to his arrest on April 1, 2008, this action is barred by Heck. Plaintiff is seeking to call the validity of his federal conviction into account by linking his arrest to an allegedly falsified warrant. However, his criminal conviction has not been called into question. As a result, Mathews's motion to dismiss will be granted insofar as it pertains to the alleged warrant and the April 1, 2008, arrest.

Moreover, plaintiff's allegations regarding the circumstances of his arrest on April 1, 2008, are untrue and conflict with the factual statements plaintiff attested to in the plea agreement. On April 1, 2008, plaintiff was not arrested because of a warrant. Plaintiff was arrested because he fled from his vehicle and discarded over 50 grams of a substance containing crack cocaine while police officers were chasing him. The false allegations in the complaint and the nature of those allegations lead the Court to conclude that plaintiff filed the complaint for the purpose of harassing the defendants through frivolous litigation rather than for vindicating a cognizable legal right. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988) (an action is malicious when it contains allegations which the plaintiff knows to be false). As a result, this action is malicious, and the Court must dismiss the case under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Mathews's motion to dismiss is **GRANTED**. [Doc. 20]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will be filed with this Memorandum and Order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  29th  day of March, 2012.